IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| EDEM AKA, #35813-007, | ) | C/A No. 9:08-2645-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| JOHN LAMANNA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      This Petition for a writ of habeas corpus was filed on July 30, 2008, pursuant to 28 U.S.C. § 2241. Petitioner asserts that he has been illegally denied due process in participating in rehabilitation programs because of a detainer filed by the Bureau of Immigration and Customs Enforcement (BICE), that the prison administration has violated his Eighth Amendment rights by failing to provide him adequate medical treatment, and he challenges the validity of any future deportation proceedings. Petitioner also asserts a fourth claim wherein he is challenging his underlying conviction. Petitioner seeks "reversal and remand" of his conviction and sentence. See Petition and Memorandum in Opposition to Summary Judgment.

      Respondent filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 22, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on September 25, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby



ending his case. Petitioner thereafter filed a written opposition to the motion for summary judgment on October 21, 2008, and also sought to amend his petition to add three additional Respondents. On October 29, 2008, the Respondent filed a reply memorandum.

The Petition is now before the Court for disposition.[1]

**Discussion**

On March 4, 2005, the Petitioner was sentenced by the Superior Court of the District of Columbia to a term of eighty-four (84) months incarceration, for Armed Robbery (violation of DC Code § 22-2901). See Respondent's Exhibit Two. At the time this petition was filed, Petitioner was incarcerated at a Satellite Prison Camp located at the Federal Correctional Institution (FCI) in Edgefield, South Carolina.[2]

The Petition suffers from several infirmities, including that Petitioner cannot challenge his underlying conviction in this District, as well as possible lack of jurisdiction over his immigration claims. United States v. Miller, 197 F.3d 644, 648 n. 2 (3rd Cir. 1999)[A prisoner in custody should challenge his conviction and sentence in a 28 U.S.C. § 2255 proceeding before the sentencing court.]; Tsimmer v. Gantner, 550 F.Supp.2d 438, 444-445 (S.D.N.Y. 2008) (collecting cases). However, when Respondent filed his summary judgment motion, he also represented to the Court that Petitioner had a projected release date of October 20, 2008. The Court has now been advised that Petitioner was in fact released from BOP custody on October 22, 2008. See Court filing Nos. 15 and 19.

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]The National Capital Revitalization and Self-Government Improvement Act of 1997, D.C. St. § 24-101 *et. seq*, placed the responsibility of incarcerating District of Columbia Code felony offenders with the Federal Bureau of Prisons (BOP).



Therefore, Petitioner's requested relief is now moot, and his § 2241 Petition should be dismissed. Bailey v. Southerland, 821 F.2d 277, 278-279 (5th Cir. 1987).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be granted, and that this Petition be dismissed.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 1, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

