IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Edem Aka, # 35813-007, | ) | C/A NO. 9:08-2645-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| John LaManna, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* petition for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On July 1, 2009, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed no objections to the Report and the time for doing so has expired. Petitioner's copy of the Report was returned to this court, with "Released" noted on the envelope. Dkt. # 24.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees that this Petition should be dismissed, but declines to adopt the Report of the Magistrate Judge.

Portions of Petitioner's First, Second, and Fourth claims for relief relate to the execution of his sentence (versus its alleged validity). To the extent that these claims are validly raised in a § 2241 petition, Petitioner's release from the United States Bureau of Prisons (BOP) **moots** these claims.

Petitioner's Third claim seeks relief based upon Respondent's alleged indifference to his serious medical needs in violation of the Eighth Amendment. To the extent that Petitioner seeks habeas corpus relief based upon these alleged violations, this is not available in a habeas corpus petition, and Petitioner's Third claim should be dismissed without prejudice.

Portions of Petitioner's First and Fourth claims for relief challenge the the validity of his conviction. Both the Government and the Magistrate Judge assume that Petitioner should be proceeding under 28 U.S.C. § 2255, and that the petition should be dismissed for that reason. However, Petitioner was convicted in the Superior Court of the District of Columbia. Collateral challenges to sentences imposed by the Superior Court must be brought in that court under

2

D.C.Code § 23-110.[1] *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir.1998) (§ 23-110 is exclusive remedy for such challenges). This provision effectively grants the Superior Court exclusive subject matter jurisdiction over collateral attacks upon sentences imposed by that court unless it appears the remedy in Superior Court is inadequate or ineffective. *See Swain v. Pressley*, 430 U.S. 372, 377-78 (1977); *Garris v. Lindsay*, 794 F.2d 722, 725-26 (D.C.Cir. 1986) (per curiam).

Petitioner makes no showing that he has availed himself of a motion under D.C. Code § 23-110, or that to proceed under that section would provide him inadequate or ineffective relief.[2] Generally, "[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C.1992); *accord Blair-Bey v. Quick*, 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wish[ ] to challenge their conviction or sentence."). Therefore, this court lacks subject matter jurisdiction over Petitioner's First and Fourth claims and they should be **dismissed without prejudice**.

---

[1]District of Columbia Code Section 23-1109g) states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion [under § 23-110] shall not be entertained by . . . any Federal . . . court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

[2]Unlike other prisoners convicted in state courts or those convicted in a United States District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C.Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C.Cir. 1997) ( "In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.")

3

Therefore, this matter is **dismissed without prejudice in its entirety.**

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 31, 2009

C:\Documents and Settings\Guest\Local Settings\Temp\notesFFF692\08-2645 Aka v. Lamanna dism in part gr sumjgm in part.wpd